IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-21,670-03






EX PARTE ANDERSON GAINES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1985CR3753 IN THE 175
TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied credit for time spent in an intermediate sanction
facility and in county jail custody under a warrant prior to parole revocation. Applicant has alleged
facts that, if true might entitle him to relief. Ex parte Price, 922 S.W.2d 957 (Tex. Crim. App.
1996). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the date of
Applicant's release to parole, the dates that he was in custody in an intermediate sanction facility or
in a county jail while on parole, and the dates of issuance of any parole-revocation warrants leading
to the revocation of such parole. The affidavit should state whether or not Applicant is receiving
credit for any of the time spent in an intermediate sanction facility and in county jail custody under
a warrant prior to parole revocation. Finally, the affidavit should indicate whether or not Applicant
has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the
claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible for the time credit he requests. The
trial court shall also make finding as to whether Applicant is receiving the proper amount of time
credit for that time. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 13, 2006

Do not publish