**Ex parte John William PRICE.**

No. 72224.

Court of Criminal Appeals of Texas, En Banc.

May 29, 1996.

Philip E. Kenrick, El Paso, for appellant.

Tom A. Darnold, Asst. Dist. Atty., El Paso, Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of burglary of a habitation. Punishment was assessed at 15 years imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). No appeal was taken from this conviction.

Applicant contends that he is entitled to one hundred thirty-seven days credit for the time he spent in the El Paso County Detention Facility and the West Texas Intermediate Sanction Facility pursuant to a

pre-revocation warrant until it was withdrawn subsequent to his release from the Intermediate Sanction Facility.

On June 29, 1992, Applicant was released on parole. Shortly thereafter, on September 3, 1992, a pre-revocation warrant was issued based upon allegations that he had violated the terms of his parole. The warrant was executed on September 14, 1992. Applicant was then housed at the El Paso County Detention Facility from September 14, 1992, through November 18, 1992, awaiting the disposition of the parole revocation proceedings. At this time, the Parole Board made its disposition: if Applicant could satisfactorily complete a secure facility program at an Intermediate Sanction Facility, the pre-revocation warrant would be withdrawn. Applicant successfully completed the program on January 27, 1993, the warrant was withdrawn, and he was returned to parole status. Applicant's parole was subsequently revoked on other allegations and he was returned to the custody of the TDCJ–ID.

Applicant contends that he has been denied flat time credit towards the fulfillment of his sentence for the period he was in custody beginning September 14, 1992 until the withdrawal of the pre-revocation warrant on January 27, 1993. Applicant bases his claim on the holding in *Ex parte Canada*, 754 S.W.2d 660 (Tex.Cr.App.1988).

In *Canada*, we held that Article 42.18, § 15(a), V.A.C.C.P., as it relates to the discretion to grant or deny time credit to a parolee confined pursuant to a pre-revocation warrant, is violative of parolee's due course of law under Tex. Const., Art. I, § 19.[1] This Court's decision readily admitted the problematic nature of granting time credits in parole revocation situations and further stated that there is no federal constitutional right to credit for time served between an arrest and sentence. *Id.* at 666. However, we found

1. Article 42.18, § 15(a), now codified under Art. 42.18, § 14(a), V.A.C.C.P., states that when a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of

revocation. When a warrant is issued charging a violation of release conditions, the sentence time credit may be suspended until a determination is made in such case and such suspended time credit may be reinstated should such parole, mandatory supervision, or conditional supervision be continued.

there is a right under Art. I, § 19, to time credit for any time spent in confinement pursuant to the execution of a pre-revocation warrant and that credit cannot be denied a parolee. *Id.* at 668. In *Canada,* particular emphasis was put on the fact that the parolee was no longer enjoying the primary benefit of parole, the release from confinement, and that a parolee is entitled to the calendar time for the period confined prior to the Board's withdrawal of the warrant and the initial continuation of parole. *Id.* at 666, 668.

The trial court, in the instant case, has entered conclusions of law that Applicant is entitled to time credit for the period he spent confined in the El Paso County Detention Facility awaiting the disposition of the parole revocation proceeding. However, the trial court made further findings that Applicant is not entitled to the time he spent confined at the Intermediate Sanction Facility because this was not incarceration, but merely a condition of parole. We disagree.

The trial court's order states Applicant in this case was confined at the Intermediate Sanctions Facility but, under the trial court's reasoning, relief is contingent on whether this confinement is a condition of parole. This is not the case. The question here is not whether this is a valid condition of parole, but whether Applicant was confined under the pre-revocation warrant.

The evidence in this case shows that the warrant was not withdrawn by the Parole Board panel until *after* Applicant had left the Intermediate Sanctions Facility. *Canada* holds any time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee. Therefore, Applicant is entitled to relief.

The appropriate officials of the Texas Department of Criminal Justice—Institutional Division are ordered to add credit for 137 additional days to Applicant's sentence in 48639-327 from the 327th District Court of El Paso County.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.