TED DUNN V STATE



NO. 07-98-0126-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 5, 1998



______________________________






TED LEWIS DUNN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0601684A; HONORABLE EVERETT YOUNG, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant brings this appeal challenging the trial court's
denial of credit for time served in its judgment revoking his
probation. Appellant presents five issues for review. By his
first issue, appellant contends the trial court abused its
discretion in not giving him credit for time served. Issues two
and three address a violation of appellant's State and Federal due
process rights and issues four and five raise a violation of
appellant's State and Federal equal protection rights. Because the
State concedes that the trial court abused its discretion in
denying appellant with credit for time served, we reform the
judgment, but in all other respects affirm the judgment revoking
probation. 

 Upon a plea of guilty, appellant was convicted of delivery of
a controlled substance on July 25, 1996. He was sentenced to 180
days in the State Jail Division of the Texas Department of Criminal
Justice with a probationary term of two years. On July 18, 1997,
the State filed a petition for revocation of appellant's probated
sentence alleging that appellant used a controlled substance and
failed to report to the Community and Corrections Department in
April 1997, both violations of the conditions of his probation. 
Appellant was arrested on July 22, 1997, and confined to Tarrant
County Jail until February 4, 1998, at which time a hearing was
held on the petition to revoke. Because appellant only pled true
to the State's allegation that he used a controlled substance, the
State presented evidence of appellant's failure to report. At the
conclusion of the hearing, the trial court found that appellant
violated both conditions of his probation as set forth in the
State's petition, ordered that his probation be revoked, and
assessed punishment at 180 days confinement.

 By his first issue, appellant complains that the trial court
abused its discretion in not awarding him credit for time served
from the time of his arrest and confinement on July 22, 1997 until
February 4, 1998, the date of sentencing on the petition to revoke. 
We agree with appellant and the State that the trial court abused
its discretion in denying appellant credit for time served. The
State, however, disagrees with appellant on the number of days for
which appellant should receive credit. Therefore, we will address
this issue.

 In Ex Parte Canada, 754 S.W.2d 660 (Tex.Cr.App. 1988), the
Court held that former Article 42.18, section 15(a) (1) of the Texas
Code of Criminal Procedure Annotated, as it related to discretion
to grant or deny credit for time served to a parolee confined
pursuant to a pre-revocation warrant, violated the parolee's due
course of law under Article I, section 19 of the Texas
Constitution. (2) The Court analogized the relationship between a
jailed defendant awaiting a hearing on revocation with that of a
jailed defendant's right to appeal his conviction and reasoned that
the availability of discretion to decide whether to award credit
for time served before a revocation hearing constituted a punitive
policy that might "chill the parolee's decision to exercise his
constitutional right to a pre-revocation hearing." Canada, 754
S.W.2d at 667. Thus, the court concluded that Article 42.18,
section 15(a), to the extent that it vested the Board of Pardons
and Paroles with discretion to deny credit for time served, was
unconstitutional. See Ex Parte Price, 922 S.W.2d 957, 958
(Tex.Cr.App. 1996).

 In the instant case, the trial court applied Article 42.12,
section 15(h)(2) (3) which at the time the arrest warrant was executed
provided that:

 A judge may credit against any time a defendant is
subsequently required to serve in a state jail felony
facility after revocation of community supervision time
served by the defendant in county jail from the time of
the defendant's arrest and confinement until sentencing
by the trial court. 


At the conclusion of the hearing on the motion to revoke and the
trial court's assessment of punishment, the court announced that it
would "exercise its discretion provided in the Code of Criminal
Procedure and decline to give [appellant] credit for the time spent
in county jail." 

 In Jimerson v. State, 957 S.W.2d 875, 877 (Tex.App.--Texarkana
1997, no pet.), the court addressed the question of whether Article
42.12, section 15(h)(2) passed constitutional muster under Article
I, section 19 of the Texas Constitution and, in applying the
reasoning of Canada, determined that to the extent that the statute
gives discretion to grant or deny credit for time served in
confinement, it is unconstitutional. We agree with the State that
because Canada controls the disposition of this case and requires
that appellant be given credit for time served, the trial court
abused its discretion in denying credit for time served. However,
we do not agree with the State's contention that appellant is only
entitled to 111 days credit when the period of his confinement was
198 days. Any time spent in confinement by appellant pursuant to
the execution of a pre-revocation warrant cannot be denied. See
Price, 922 S.W.2d at 958. Appellant's first issue is sustained. 
Our sustention of this issue pretermits a discussion of the
remaining issues. Tex. R. App. P. 47.1. 

 Accordingly, the judgment, as reformed to reflect credit for
time served of 198 days, is affirmed.


 Don H. Reavis

 Justice






Do not publish.
1. Repealed by Act of May 8, 1997, 75th Leg., R.S., ch. 165 §
12.22, 1997 Tex. Gen. Laws 327, 443.
2. No citizen of this State shall be deprived of life, liberty,
property, privileges or immunities, or in any manner disfranchised,
except by the due course of the law of the land.
3. Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 3.10, 1995
Tex. Gen. Laws 458, 465, amended by Act of May 28, 1995, 74th Leg.,
R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755, amended by Act
of May 17, 1997, 75th Leg., R.S., ch. 488, § 4, 1997 Tex. Gen. Laws
1812, 1813.



rst amended motion to proceed with
adjudication on February 7, 2007. The State’s amended motion alleged appellant had 1)
failed to report to his supervision officer for the months of November and December 2006
and January 2007, 2) failed to pay his community supervision fee and his administration
fee, and 3) committed the offense of assault. The trial court conducted a hearing on the
issue of adjudication on March 27, 2007. During the hearing, appellant objected to the
receipt of evidence concerning the new offense, alleging that since the prosecuting
authority for the felony offense, the District Attorney for the 316th Judicial District, had not
sought an indictment and the restitution owed the victim had been made part of a plea
agreement on an unrelated felony, the evidence was precluded under the theory of double
jeopardy. The trial court overruled the objection and proceeded to hear the evidence. At
the conclusion of the hearing on the motion to adjudicate, the trial court adjudicated
appellant guilty of the underlying offense of resisting arrest. After a separate hearing on
punishment, held on April 25, 2007, the trial court assessed punishment at confinement
in the county jail for a period of 365 days. This appeal followed.
          Through one issue appellant now claims that the trial court abused its discretion by
sentencing appellant to one year in jail because the State should have been barred from
litigating the motion to adjudicate guilt based upon the doctrine of collateral estoppel. We
dismiss for want of jurisdiction.



Analysis
           The applicable provision of the Code of Criminal Procedure in force at the time of
appellant’s hearing controls the disposition of this case.


 This provision was amended and
is now codified as article 42.12 section 5(b) to provide that a defendant in an adjudication
proceeding has the same rights to a review of the trial court’s decision to adjudicate as any
other defendant in a revocation of community supervision proceeding. See Tex. Crim.
Proc. Code Ann. § 42.12(5)(b) (Vernon Supp. 2007). The new provision is applicable to
cases heard on or after June 15, 2007. 
          Accordingly, appellant’s rights to appeal the adjudication is governed by the former
statute. The Texas Court of Criminal Appeals has spoken to this issue and has uniformly
held that the trial court’s decision to adjudicate, under the former statute, was absolutely
discretionary and not subject to review. See Davis v. State, 195 S.W.3d 708, 710
(Tex.Crim.App. 2006). Therefore, we have no jurisdiction to review the trial court’s decision
to adjudicate appellant guilty of the offense of resisting arrest. 
          However, appellant couches his error in terms of abuse of discretion in sentencing
appellant. This would seem to allow us to review the decision to assess appellant’s
punishment to one year in the county jail. See Hogans v. State, 176 S.W.3d 829, 833
(Tex.Crim.App. 2005). However, a closer read of the record reveals, that despite the
wording of appellant’s issue, the alleged error occurred during the adjudication phase of
the trial. As stated by the Hogans opinion, “the asserted error must directly and distinctly
concern the second phase; the claim must, on its face, relate to the sentence imposed, not
to the decision to adjudicate.” Id. at 834. Appellant is complaining of the admission of
evidence that occurred during the adjudication phase. As such, it is not appealable. Davis,
195 S.W.3d at 710. Accordingly, we must dismiss the appeal for want of jurisdiction. 
Conclusion
          Having determined we do not have jurisdiction to entertain this appeal, the same is
dismissed.
 
                                                                           Mackey K. Hancock

                                                                                    Justice





Do not publish.