NO. 07-98-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 5, 1998

_____


TED LEWIS DUNN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0601684A; HONORABLE EVERETT YOUNG, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.


Appellant brings this appeal challenging the trial court's denial of credit for time served in its judgment revoking his probation. Appellant presents five issues for review. By his first issue, appellant contends the trial court abused its discretion in not giving him credit for time served. Issues two

and three address a violation of appellant's State and Federal due process rights and issues four and five raise a violation of appellant's State and Federal equal protection rights. Because the State concedes that the trial court abused its discretion in denying appellant with credit for time served, we reform the judgment, but in all other respects affirm the judgment revoking probation.

Upon a plea of guilty, appellant was convicted of delivery of a controlled substance on July 25, 1996. He was sentenced to 180 days in the State Jail Division of the Texas Department of Criminal Justice with a probationary term of two years. On July 18, 1997, the State filed a petition for revocation of appellant's probated sentence alleging that appellant used a controlled substance and failed to report to the Community and Corrections Department in April 1997, both violations of the conditions of his probation. Appellant was arrested on July 22, 1997, and confined to Tarrant County Jail until February 4, 1998, at which time a hearing was held on the petition to revoke. Because appellant only pled true to the State's allegation that he used a controlled substance, the State presented evidence of appellant's failure to report. At the

conclusion of the hearing, the trial court found that appellant violated both conditions of his probation as set forth in the State's petition, ordered that his probation be revoked, and assessed punishment at 180 days confinement.

By his first issue, appellant complains that the trial court abused its discretion in not awarding him credit for time served from the time of his arrest and confinement on July 22, 1997 until February 4, 1998, the date of sentencing on the petition to revoke. We agree with appellant and the State that the trial court abused its discretion in denying appellant credit for time served. The State, however, disagrees with appellant on the number of days for which appellant should receive credit. Therefore, we will address this issue.

In Ex Parte Canada, 754 S.W.2d 660 (Tex.Cr.App. 1988), the Court held that former Article 42.18, section 15(a)[1] of the Texas Code of Criminal Procedure Annotated, as it related to discretion to grant or deny credit for time served to a parolee confined pursuant to a pre-revocation warrant, violated the parolee's due

_____

[1]Repealed by Act of May 8, 1997, 75th Leg., R.S., ch. 165 § 12.22, 1997 Tex. Gen. Laws 327, 443.

3

course of law under Article I, section 19 of the Texas Constitution.[2] The Court analogized the relationship between a jailed defendant awaiting a hearing on revocation with that of a jailed defendant's right to appeal his conviction and reasoned that the availability of discretion to decide whether to award credit for time served before a revocation hearing constituted a punitive policy that might "chill the parolee's decision to exercise his constitutional right to a pre-revocation hearing." Canada, 754 S.W.2d at 667. Thus, the court concluded that Article 42.18, section 15(a), to the extent that it vested the Board of Pardons and Paroles with discretion to deny credit for time served, was unconstitutional. See Ex Parte Price, 922 S.W.2d 957, 958 (Tex.Cr.App. 1996).

---

[2]No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

In the instant case, the trial court applied Article 42.12, section 15(h)(2)[3] which at the time the arrest warrant was executed provided that:

> A judge *may* credit against any time a defendant is subsequently required to serve in a state jail felony facility after revocation of community supervision time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

At the conclusion of the hearing on the motion to revoke and the trial court's assessment of punishment, the court announced that it would "exercise its discretion provided in the Code of Criminal Procedure and decline to give [appellant] credit for the time spent in county jail."

In Jimerson v. State, 957 S.W.2d 875, 877 (Tex.App.--Texarkana 1997, no pet.), the court addressed the question of whether Article 42.12, section 15(h)(2) passed constitutional muster under Article I, section 19 of the Texas Constitution and, in applying the

---

[3]Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 3.10, 1995 Tex. Gen. Laws 458, 465, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755, *amended by* Act of May 17, 1997, 75th Leg., R.S., ch. 488, § 4, 1997 Tex. Gen. Laws 1812, 1813.

reasoning of <u>Canada</u>, determined that to the extent that the statute gives discretion to grant or deny credit for time served in confinement, it is unconstitutional. We agree with the State that because <u>Canada</u> controls the disposition of this case and requires that appellant be given credit for time served, the trial court abused its discretion in denying credit for time served. However, we do not agree with the State's contention that appellant is only entitled to 111 days credit when the period of his confinement was 198 days. Any time spent in confinement by appellant pursuant to the execution of a pre-revocation warrant cannot be denied. <u>See</u> Price, 922 S.W.2d at 958. Appellant's first issue is sustained. Our sustention of this issue pretermits a discussion of the remaining issues. Tex. R. App. P. 47.1.

Accordingly, the judgment, as reformed to reflect credit for time served of 198 days, is affirmed.

                                    Don H. Reavis
                                      Justice

Do not publish.