NO. 07-01-0151-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 21, 2002



______________________________




WALTER BURTON HAWKINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;



NO. 33,578; HONORABLE I. ALLAN LERNER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Pursuant to a not guilty plea, appellant Walter Burton Hawkins was found guilty of
(1) aggravated kidnapping with an affirmative finding on use of a deadly weapon and
punishment was assessed at ten years, probated, and (2) guilty of aggravated assault with
an affirmative finding on use of a deadly weapon and punishment was assessed at five
years confinement. Appellant timely perfected this appeal. The clerk's record and
reporter's record have both been filed, as well as appellant's brief. 

 By its third motion for extension of time to file its brief, the State asserts that the
reporter's record does not contain appellant's statement but instead mistakenly includes
exhibit number 34 which is the statement of appellant's co-defendant, Donald Thompson. 
The State further asserts that although counsel for both parties agree that appellant's
statement was admitted into evidence and mistakenly omitted from the reporter's record,
they are unable to agree to correct the record by agreement according to Rule 34.6(e)(1)
of the Texas Rules of Appellate Procedure. Pursuant to Rule 34.6(e)(3), the State
requests that the court reporter be ordered to conform the record to what occurred at trial. 
Rule 34.6(e)(3) provides that after the reporter's record has been filed in this Court, we
may submit a dispute regarding the record to the trial court for resolution. Thus, we now
abate this appeal and remand the cause for further proceedings.

 Upon remand the trial court shall cause Edward J. Meaux, Official Court Reporter
of the 268th District Court, to correct the inaccuracy or omission in the reporter's record to
reflect exhibit number 34 as appellant's voluntary statement, which was admitted into
evidence without objection at volume 5, page 23 of the reporter's record and read aloud
to the jury. The trial court shall also direct that the reporter file a supplemental reporter's
record including the replacement exhibit with the Clerk of this Court by Monday, April 22,
2002. Further, the State's motion for extension of time in which to file its brief is granted
and the brief is due 30 days from the date of reinstatement of this appeal.

 It is so ordered.

 Per Curiam

Publish. 



 (Tex.Cr.App. 1988), the
Court held that former Article 42.18, section 15(a) (1) of the Texas
Code of Criminal Procedure Annotated, as it related to discretion
to grant or deny credit for time served to a parolee confined
pursuant to a pre-revocation warrant, violated the parolee's due
course of law under Article I, section 19 of the Texas
Constitution. (2) The Court analogized the relationship between a
jailed defendant awaiting a hearing on revocation with that of a
jailed defendant's right to appeal his conviction and reasoned that
the availability of discretion to decide whether to award credit
for time served before a revocation hearing constituted a punitive
policy that might "chill the parolee's decision to exercise his
constitutional right to a pre-revocation hearing." Canada, 754
S.W.2d at 667. Thus, the court concluded that Article 42.18,
section 15(a), to the extent that it vested the Board of Pardons
and Paroles with discretion to deny credit for time served, was
unconstitutional. See Ex Parte Price, 922 S.W.2d 957, 958
(Tex.Cr.App. 1996).

 In the instant case, the trial court applied Article 42.12,
section 15(h)(2) (3) which at the time the arrest warrant was executed
provided that:

 A judge may credit against any time a defendant is
subsequently required to serve in a state jail felony
facility after revocation of community supervision time
served by the defendant in county jail from the time of
the defendant's arrest and confinement until sentencing
by the trial court. 


At the conclusion of the hearing on the motion to revoke and the
trial court's assessment of punishment, the court announced that it
would "exercise its discretion provided in the Code of Criminal
Procedure and decline to give [appellant] credit for the time spent
in county jail." 

 In Jimerson v. State, 957 S.W.2d 875, 877 (Tex.App.--Texarkana
1997, no pet.), the court addressed the question of whether Article
42.12, section 15(h)(2) passed constitutional muster under Article
I, section 19 of the Texas Constitution and, in applying the
reasoning of Canada, determined that to the extent that the statute
gives discretion to grant or deny credit for time served in
confinement, it is unconstitutional. We agree with the State that
because Canada controls the disposition of this case and requires
that appellant be given credit for time served, the trial court
abused its discretion in denying credit for time served. However,
we do not agree with the State's contention that appellant is only
entitled to 111 days credit when the period of his confinement was
198 days. Any time spent in confinement by appellant pursuant to
the execution of a pre-revocation warrant cannot be denied. See
Price, 922 S.W.2d at 958. Appellant's first issue is sustained. 
Our sustention of this issue pretermits a discussion of the
remaining issues. Tex. R. App. P. 47.1. 

 Accordingly, the judgment, as reformed to reflect credit for
time served of 198 days, is affirmed.


 Don H. Reavis

 Justice






Do not publish.
1. Repealed by Act of May 8, 1997, 75th Leg., R.S., ch. 165 §
12.22, 1997 Tex. Gen. Laws 327, 443.
2. No citizen of this State shall be deprived of life, liberty,
property, privileges or immunities, or in any manner disfranchised,
except by the due course of the law of the land.
3. Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 3.10, 1995
Tex. Gen. Laws 458, 465, amended by Act of May 28, 1995, 74th Leg.,
R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755, amended by Act
of May 17, 1997, 75th Leg., R.S., ch. 488, § 4, 1997 Tex. Gen. Laws
1812, 1813.