IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,134






EX PARTE FRANKLIN D. WINGO, JR., Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 38,369 IN THE 264TH JUDICIAL 

DISTRICT COURT BELL COUNTY 





 Per Curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant
was convicted of possession of methamphetamine, and his sentence was assessed at
confinement for a period of eleven years. Applicant did not appeal this conviction.

 Applicant contends that he has been denied time credit toward the expiration of his
sentence for time spent in confinement in various counties in the State of Florida pursuant
to a pre-revocation or blue warrant issued by the Texas Board of Pardons and Paroles ("The
Board") on June 26, 1992.

 After a remand to the trial court for further factual development and findings, the
record before the Court shows that Applicant was arrested in Hardee County, Florida on
September 22, 1998 on local charges that included two counts of forgery, two counts of
uttering a forged instrument, and one count of grand theft. The booking report also indicates
that Applicant was held on the Board's June 26, 1992 pre-revocation warrant. Additionally,
Levy County, Florida placed a hold on Applicant based on pending charges allegedly
committed within their jurisdiction. Applicant remained in the custody of Hardee County,
Florida until he was transferred to Levy County, Florida for a court appearance on October
14, 1998. Applicant was returned to the custody of Hardee County, Florida two days later
on October 16, 1998 and remained in their custody until December 28, 1998, the date that
Hardee County, Florida dropped or abandoned the charges against Applicant. On December
28, 1998, Applicant was again transferred to Levy County, Florida. Applicant was formally
arrested by Levy County officials on the Board's June 26, 1992 pre-revocation warrant on
January 11, 1999. At that time, Applicant refused extradition to Texas and remained in the
custody of Levy County, Florida until he was released from their custody on February 15,
1999 pursuant to a Levy County, Florida court order issued on February 10, 1999. Applicant
was again arrested in Levy County, Florida on April 4, 2000 pursuant to the pre-revocation
warrant issued by the Board on June 26, 1992. Under a Levy County court order, Applicant
was released from custody on the following day, April 5, 2000. Finally, Applicant was
arrested in Marion County, Florida on January 1, 2001 on the following charges: three counts
of battery-domestic violence, one count of aggravated assault, and three counts of resisting
arrest. Applicant remained in the custody of Marion County, Florida until the charges were
disposed of on April 19, 2001. However, on April 20, 2000, while he was still in the custody
of Marion County, Florida, Applicant was arrested on the Board's 1992 pre-revocation
warrant. Applicant again refused extradition to Texas; however, on May 16, 2001, Applicant
was served with a Governor's warrant from the Florida Governor directing Applicant's return
to Texas. On June 2, 2001, Applicant was released to Texas authorities. The Board voted
to revoke Applicant's release on parole on August 29, 2001. 

 We find that Applicant is entitled to time credit for the periods of time he was in
custody pursuant to a pre-revocation or blue warrant. Ex parte Canada, 754 S.W.2d 660, 668
(Tex. Crim. App. 1988); Ex parte Price, 922 S.W.2d 957, 959 (Tex. Crim. App. 1996), from
September 22, 1998 to February 15, 1999, from April 4, 2000 to April 5, 2000, and from
January 1, 2001 to the date Applicant's parole was revoked, August 29, 2001. Therefore, the
Texas Department of Criminal Justice shall credit Applicant's sentence in cause number
38,369 from the 264th District Court of Bell County, Texas with time credit for all time
periods that Applicant spent in custody pursuant to the Board's June 26, 1992 pre-revocation
or blue warrant if such time has not already been credited. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Review and Release Division, and the Board of Pardons
and Paroles Division.


DELIVERED: April 13, 2005

DO NOT PUBLISH