IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,289






EX PARTE GABRIEL CEJUDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NUMBER 63221-210-1 IN THE 210th JUDICIAL DISTRICT COURT

EL PASO COUNTY






 Per curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex.
code crim. proc. art. 11.07. Applicant was convicted of burglary of a habitation. 
Punishment was assessed at imprisonment for three years. No appeal was taken from this
conviction. 

 Applicant contends that he is being denied time credit for periods he was confined
pursuant to parole revocation arrest warrants in this cause. Specifically, Applicant contends
that he was confined in an Intermediate Sanctions Facility for approximately one hundred
eighty days in 1995, and approximately another one hundred eighty days in 1998, while
parole revocation arrest warrants were pending.

 The trial court has entered findings of fact and conclusions of law, supported by the
record, which indicate that Applicant is entitled to partial relief. The trial court's review of
Applicant's parole records reveal that he was confined pursuant to parole revocation arrest
warrants in this cause from August 22, 1995 until December 7, 1995, and from September
12, 1996 until March 20, 1997. Applicant is entitled to relief. See Ex parte Price, 922
S.W.2d. 957 (Tex. Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App.
1988).

 Relief is granted. The officials at the Texas Department of Criminal Justice,
Correctional Institutions Division are hereby ordered to conform Applicant's records in this
cause to reflect jail time credit to cover the periods from August 22, 1995, until December 7,
1995, and from September 12, 1996, until March 20, 1997. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
correctional institutions and parole divisions.

DELIVERED: November 9, 2005

DO NOT PUBLISH