IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,630






EX PARTE GLENN LEE HOWE Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-88-631-BWHC3 IN THE 158
TH JUDICIAL DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to twenty-five years' imprisonment. The Second Court of Appeals
affirmed his conviction. Howe v. State, No. 02-92-00142-CR (Tex. App. - Forth Worth 1993, no
pet.) 

 Applicant contends, inter alia, that he is being denied time credit for two periods he was
confined pending motions to revoke his parole in this cause. Specifically, Applicant contends that
he was confined pending motions to revoke his parole from March 4, 1998 to May 12, 1998, and
from February 11, 1999 to June 2, 1999. This cause was remanded to the trial court on December
7, 2005, to determine the dates Applicant was in custody pursuant to any pre-revocation warrants,
and whether he received time credit toward the expiration of his sentence for the periods of time he
spend in confinement pursuant to any such pre-revocation warrants.

 On February 15, 2007, this Court received a supplemental record from the trial court. The
trial court has filed findings of fact and conclusions of law, supported by the record, which indicate
that Applicant is entitled to partial relief. The trial court's review of Applicant's parole records reveal
that Applicant was confined pending a motion to revoke parole in this cause from September 22,
1999 until October 29, 1999, and that Applicant has been credited for only 28 days of this 32-day
period. Applicant is entitled to relief. See Ex parte Price, 922 S.W.2d. 957 (Tex. Crim. App. 1996);
Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988).

 Relief is granted in part. If Applicant's records have not already been corrected, the officials
at the Texas Department of Criminal Justice, Correctional Institution Division and Paroles Division
are hereby ordered to amend Applicant's records to reflect an additional four days' jail time credit. 

Applicant's remaining claims are without merit, and are hereby denied. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Correction
Institution and Paroles Divisions.

 

Delivered: March 7, 2007

Do Not Publish