IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,014-02






EX PARTE KENNETH WAYNE EDWARDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-30444-02-B IN THE 181
ST JUDICIAL DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere to theft,
and was sentenced to twelve years' imprisonment. 

 Applicant contends that he is being denied credit for time spent in an intermediate sanctions
facility from March 6, 2006 until September 6, 2006. Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Price, 922 S.W.2d 957 (Tex. Crim. App. 1996); Ex parte Canada, 754
S.W.2d 660 (Tex. Crim. App. 1998). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Correctional Institutions Division, to file an affidavit listing Applicant's sentence begin date, 
and, the dates of issuance and withdrawal of any parole-revocation warrants leading to the revocation
of such parole or mandatory supervision. The affidavit shall state whether or not Applicant was
required to spend time in an intermediate sanctions facility, and if so, whether there was a pre-revocation warrant in effect during that time. The affidavit should also state whether or not Applicant
is receiving credit for any such time. Finally, the affidavit should indicate whether or not Applicant
has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the
claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant spent time in an intermediate sanctions
facility with a pre-revocation warrant in effect. The trial court shall also make findings as to whether
Applicant is receiving the proper amount of time credit for that time. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 25, 2007

Do not publish