IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR- 22,960-06






EX PARTE REGINALD RAY SPIVEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,433-CR-C IN THE 82nd DISTRICT COURT


FROM ROBERTSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to fifteen
years' imprisonment. 

 Applicant contends that he is being denied credit for a period he spent incarcerated in an
Intermediate Sanctions Facility (ISF) as a condition of being returned to parole. Ex parte Price, 922
S.W.2d 957 (Tex. Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). 
Specifically, the Applicant contends that, while a parole revocation arrest warrant was still in force, he was
confined at the ISF from September 5, 1997 until May 21, 1998. In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, to file affidavits addressing whether the Applicant is being improperly denied credit for the alleged
period of time he spent confined in an ISF as a condition of being returned to parole. Also, the affidavit
should indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall then
make findings as to whether Applicant is being improperly denied time credit for the period from September
5, 1997 until May 21, 1998. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 3, 2007

Do not publish