IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-27,763-02 AND WR-27,763-03






EX PARTE WILLIAM ALDEN LINVILLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12076 HC-2 AND 12010 HC-A IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of habitation and sentenced to nineteen (19) years' and six (6) months' imprisonment on
each count. No direct appeal was taken.

 Applicant contends that he is being denied credit for time he was confined on a pre-revocation warrant. Specifically, he contends that he is entitled to approximately eight (8) years,
eleven (11) months, and twenty-two (22) days credit for time he was incarcerated in an Oklahoma
prison facility because the TDCJ had lodged a detainer against him. Applicant has alleged facts that,
if true, might entitle him to relief. Ex parte Price, 922 S.W.2d 957 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and
Parole Division, to file affidavits listing Applicant's sentence begin date, and, the dates of issuance
of any parole-revocation warrants leading to the revocation of Applicant's parole. The affidavit
should also address how much time was remaining on this sentence on the date that Applicant was
released on parole, and how much time Applicant spent on release before the issuance of the parole-revocation warrant. The affidavit should state whether or not Applicant is receiving credit for any
of the time spent on parole. The affidavit shall also state whether the TDCJ lodged any detainers
against Applicant while he was confined in an Oklahoma prison facility. Finally, the affidavit should
indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings of fact as to whether Applicant is receiving credit for time spent
confined on a pre-revocation warrant. The trial court shall then make findings of fact as to whether
the TDCJ lodged any detainers against Applicant while he was confined in an Oklahoma prison
facility. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 7, 2007

Do not publish