IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,978-01






EX PARTE CARLTON HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00F0636-202-A IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a firearm by a felon
and sentenced to five years' imprisonment.

 Applicant contends that he is being denied credit for time confined on a mandatory supervision
violator warrant prior to revocation, and that his mandatory supervision has expired. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Price, 922 S.W.2d 957 (Tex. Crim. App. 1996). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, to file affidavits listing Applicant's sentence begin date, the dates Applicant was confined on any
parole-revocation warrants, what credit Applicant has received for those periods of confinement, the dates
any conditional release was revoked, and what date this sentence is scheduled to expire.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings of fact on the issues set out above. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time, and may also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 60 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
90 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 19, 2007.

Do not publish