IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,026-01 AND WR-72,026-02







EX PARTE FRANK MCCLUNG, AKA FRANKLIN ARNOLD RAMSEY,
Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 48662-01-C AND 48663-01-C 

IN THE 251ST JUDICIAL DISTRICT COURT

FROM POTTER COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of assault of a public servant in exchange for four-year probated sentences. His probation was later
revoked, and he was sentenced to four years' imprisonment. 

 Applicant contends that he is being denied credit for time spent in a residential community
treatment center. Applicant does not specify why or under what circumstances he was sent to the
community treatment center, or whether he was subject to a detainer or warrant during the time he
was in the treatment center. The habeas records do not contain any documents to show Applicant's
history of release, revocation, or time credit status. The State has filed a general denial and the trial
court has not entered findings of fact and conclusions of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Price, 922
S.W.2d 957 (Tex. Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1998).

In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should
state whether Applicant was ordered to spend time in a residential community treatment center, and
if so, whether Applicant was subject to a pre-revocation warrant during that time. The affidavit
should state whether or not Applicant is receiving credit for the time he spent in a residential
community treatment center.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is receiving the proper
amount of time credit for any time he spent in a residential community treatment center. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved, and a supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 20 days of the date of this order. Any extensions of time shall be obtained from this
Court. 

Filed: June 3, 2009

Do not publish