IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,020-01




EX PARTE VAUGHN GARRICK NEWMAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 940265-A IN THE 185TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery, and was
sentenced to five years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that his parole was improperly revoked after his sentence
should have expired. Although Applicant was arrested and convicted of a new offense, Applicant
alleges that the revocation warrant or hold was not placed until after his sentence in this case should
have discharged. Applicant also alleges that he was placed in an ISF for several months before being
re-released to parole, and that he was subject to a pre-revocation warrant during that time. Applicant
alleges that if his sentence in this case was not discharged prior to the parole revocation, he should
received credit for the time spend in the ISF while subject to a pre-revocation warrant. See Ex parte
Price, 922 S.W.2d 957 (Tex. Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App.
1998). 
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit listing Applicant’s sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit shall also address how much time, if any, was remaining on this sentence on the date that
the pre-revocation warrant leading to the most recent revocation issued. The affidavit shall state
whether Applicant was confined in an ISF pursuant to an earlier pre-revocation warrant, and if so,
whether Applicant received credit for that time. The trial court may also order depositions,
interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant is receiving the proper
amount of time credit for any time during which he was confined pursuant to a parole revocation
warrant or hold, including time spent in an ISF as a condition of remaining on parole. The trial court
shall also make findings as to what Applicant’s discharge date for this sentence should have been
if his parole had not been revoked, and as to when the pre-revocation warrant or hold leading to his
eventual revocation was issued. The trial court shall make findings as to whether Applicant’s
sentence had discharged prior to the revocation of his parole in this case, and if so, why Applicant
is still confined pursuant to this sentence. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claims
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 15, 2010
Do not publish