

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,897

**EX PARTE DONALD CRAIG CONNER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-15583-AA IN THE 159TH DISTRICT COURT
## FROM ANGELINA COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to delivery of a controlled substance and originally received deferred adjudication community supervision. He was later adjudicated guilty and was sentenced to twenty-five years' imprisonment.

Applicant contends that he is being denied credit for time he spent awaiting revocation of his parole. The trial court has filed findings of fact and conclusions of law, supported by the record, which indicate that Applicant is entitled to relief. The record indicates that a pre-revocation warrant was issued on April 14, 2009. On September 20, 2009, Applicant was arrested for a new charge of

driving while intoxicated. The records of the Angelina County Sheriff reflect that Applicant was also being held pursuant to the parole violation warrant. Although the warrant was not served on Applicant until February 23, 2010, Applicant was subject to a parole "hold" from the date of his arrest on September 20, 2009 until his revocation on April 22, 2010. Applicant is currently receiving credit from February 23, 2010 until his revocation.

The trial court concludes that Applicant is entitled to credit from September 20, 2009, until his revocation because he was held in the Angelina County Jail pursuant to the "parole hold" during that time. Applicant is entitled to relief. *See Ex parte Price*, 922 S.W.2d. 957 (Tex. Crim. App. 1996); *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1988).

Relief is granted. If Applicant's records have not already been corrected, the officials at the Texas Department of Criminal Justice, Correctional Institution Division and Paroles Division are hereby ordered to amend Applicant's records to reflect an additional 156 days of jail time credit.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 31, 2012

Do Not Publish