IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-34,082-03






EX PARTE BOYD F. JAMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-18,126-B IN THE 161ST DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to twenty-five years' imprisonment. 

 Applicant contends, inter alia, (1) that he is being denied credit for time spent in custody in
Oklahoma while subject to pre-revocation warrants from Texas on two different occasions. 
Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Canada, 754 S.W.2d
660 (Tex. Crim. App. 1998); Ex parte Price, 922 S.W.2d 957 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of any releases to
parole or mandatory supervision. The affidavit shall also list the dates of issuance and execution or
withdrawal of any parole-revocation warrants. The affidavit should state whether or not Applicant
is receiving credit for any of the time spent on parole and/or mandatory supervision while subject
to pre-revocation warrants. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
is receiving the proper amount of time credit for any periods of time during which he was subject
to pre-revocation warrants while on parole or mandatory supervision before revocation. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish
1. This Court has reviewed Applicant's claim that he is being improperly classified as
ineligible to earn street time credit, and finds it to be without merit.