

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-77,604-03

**EX PARTE VERNON LEE MCBETH, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 031808-01-C-WR IN THE 251ST DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault on a peace officer and sentenced to twenty-five years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *McBeth v. State*, No. 07-92-00358-CR (Tex. App. — Amarillo, July 14, 1993) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his discharge date for this sentence is not being properly calculated, because he is not receiving the correct amount of credit for flat time. Applicant was released to parole in this case, and committed a new offense while he was on parole. Applicant originally received deferred adjudication community supervision for the new case, but he was later adjudicated

guilty and sentenced to eighteen years' imprisonment in the new case, to run concurrently with the remainder of Applicant's twenty-five year sentence in this case. It is unclear from the record when Applicant's parole in this case was revoked, and whether there was a pre-revocation warrant in effect during any of the time Applicant was in jail pursuant to the new charges, either before his plea in the new case or before his adjudication.

Applicant has alleged facts that, if true, might entitle him to relief. *See Ex parte Price*, 922 S.W.2d 957 (Tex. Crim. App. 1996); *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1998). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall then state:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) the dates any pre-revocation warrants were issued and executed,
(4) the date upon which Applicant's parole was revoked,
(5) whether Applicant received credit for any time when he was subject to pre-revocation warrants, and
(6) whether Applicant's discharge date for this sentence is being properly calculated.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant's maximum discharge date for this sentence is being properly calculated. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 11, 2019
Do not publish