

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-66,228-03

### EX PARTE ZEFERINO CRUZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 32,860-B IN THE 66TH DISTRICT COURT FROM HILL COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to possession of a prohibited weapon and wasvsentenced to fifteen years' imprisonment. The Tenth Court of Appeals dismissed his appeal at Applicant's request. *Cruz v. State*, No. 10-04-00060-CR (Tex. App. — Waco June 9, 2004) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being improperly denied time credit while released on parole or mandatory supervision, and also for time when he was held pursuant to pre-revocation or "blue" warrants. Applicant alleges that he is being unlawfully confined past his discharge date, and that he is unable to make bond or retain an attorney for other pending charges because of a parole hold.

Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004); *Ex parte Price*, 922 S.W.2d 957 (Tex. Crim. App. 1996); *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1998).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant was serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole or mandatory supervision was revoked. If not, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole or mandatory supervision before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed,
(5) whether Applicant received credit while subject to pre-revocation warrants, and
(6) whether Applicant received credit while released on parole or mandatory supervision.

If Applicant is being held on a pre-revocation warrant or parole hold and his parole or mandatory supervision has not yet been revoked yet, the response shall state how long Applicant

has been held, whether he is facing new charges, whether he has been advised of his rights in the revocation process, and whether he has requested or waived a preliminary revocation hearing and/or a final revocation hearing.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is eligible to earn street time credit and, if so, whether he is receiving the proper credit for that time. The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving credit for any and all time when he was subject to pre-revocation warrants. The trial court shall also make findings of fact and conclusions of law as to whether Applicant is being provided with due process in any pending revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 28, 2020
Do not publish