IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,457-01






EX PARTE MICHAEL EUGENE RAMSEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 521303-A IN THE 232ND DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of habitation and
sentenced to twenty (20) years' imprisonment. 

 Applicant contends that he is being denied credit for time spent confined in county jail on a pre-revocation warrant in 1994. 

 The trial court has entered findings of fact and conclusions of law recommending that this
application be dismissed pursuant to Tex. Gov't Code, Section 501.0081. However, Applicant's TDCJ
record shows that he is within 180 days of his presumptive release date. Thus, he is compliant with Section
501.0081. See e.g. Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Price, 922 S.W.2d
957 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division to file an affidavit
listing the dates Applicant was confined in county jail pursuant to pre-revocation warrants in 1994 and, if
applicable, the time credit he has received for the days confined in county jail. The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its
personal recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant has received credit for time spent
confined in county jail pursuant to a pre-revocation warrant in 1994. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: October 10, 2007

Do not publish