IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,325-02






EX PARTE JOE PHILLIP MAESTAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-24750-02-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use of a motor
vehicle and sentenced to twenty-five years' imprisonment after Applicant was found to be a habitual
offender. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004); Ex parte Price, 922 S.W.2d 957 (Tex.Crim.App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, both to file affidavits listing Applicant's sentence begin date, the dates of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory supervision, dates of Applicant's
arrest on any such warrants, and whether a detainer was lodged for such warrants while Applicant was
serving a federal sentence. The affidavits should state whether Applicant is serving a sentence for, or has
previously been convicted of, an offense which was listed in Tex. Gov't. Code § 508.149(a) at the time
of Applicant's revocation. The affidavit should also address how much time was remaining on this sentence
on the date that Applicant was released on mandatory supervision, and how much time Applicant spent
on release before the issuance of the parole-revocation warrant. The affidavit should state whether or not
Applicant is receiving credit for any of the time spent on parole. Finally, the affidavit should indicate
whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so,
the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall then
make findings as to whether Applicant is eligible to earn street time credit, and if so, whether he is entitled
to credit for his time spent on release. The trial court shall also make findings as to whether Applicant is
receiving the proper amount of time credit for that time. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 23, 2008

Do not publish