Herbert Wayne BASS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59622.

Court of Criminal Appeals of Texas,
Panel No. 2.

Jan. 31, 1979.

James E. Tatum, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Frank Harmon, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction based on a plea of guilty to the offense of delivery of marihuana where punishment was assessed at 10 years and a $5,000 fine.

Appellant asserts that he should be allowed to withdraw his plea because the prosecutor violated a plea bargain agreement. His claim is that in return for a guilty plea the prosecutor agreed not to make a recommendation for punishment. The prosecutor made no recommendation at the hearing where the guilty plea was taken but after appellant's counsel asked for probation at the sentencing hearing he urged the trial court to give the maximum sentence. Appellant contends this violated the plea bargain.

This is not an instance where a trial court refused to follow an agreed recommendation upon a plea bargain and, thus, does not come within the ambit of Article 26.13, V.A.C.C.P. Rather, this is a dispute over whether the State breached its plea bargain with appellant, and must be examined in light of *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d

427 (1971) where the United States Supreme Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." If the prosecution does not live up to its part of the bargain, doubt is raised as to whether or not the guilty plea induced by the broken bargain can be regarded as truly voluntary.

The question before the Court in this case, as in *Santobello*, is not what the judge did or what his perceptions of the agreement were, but what went on between the prosecutor and the appellant. As the *Santobello* Court stated:

"We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge."

The judge's statement at the end of the hearing on the motion for new trial in the instant case makes clear that he was not bound by what had transpired between appellant and prosecutor. The judge said:

"This Court does not consider itself bound and is not accepting whether there is agreed recommendation, the Court is sure that the defendant was surprised at that fact, at the time, he entered the plea. The simple issue—answer—of the order for pre-sentence investigation to be made by the Court does not—to the Court automatically shut up either side. I still expect either side to indicate their particular stand and I am not under those circumstances bound by the request of either side. I don't find any breach. I don't find any grounds for granting the new trial, at this time. The defendant's motion for new trial will be overruled."

That he did not feel himself bound by what had occurred puts him in a position not unlike that of the trial judge in *Santobello*, who was quoted as saying:

"Mr. Aronstein [Defense counsel], I am not at all influenced by what the District Attorney says, so that there is no need to adjourn the sentence, and there is no need to have any testimony. It doesn't make a particle of difference what the District Attorney says he will do, or what he doesn't do.

"I have here, Mr. Aronstein, a probation report. I have here a history of a long, long, serious criminal record. I have here a picture of the life history of this man. . . ."

*Santobello v. New York*, 404 U.S. at 259, 92 S.Ct. at 497. The Supreme Court reversed *Santobello*, not because of what the judge did or did not do, but because the prosecutor had not kept faith with the defendant.

Thus, the question revolves around a determination of the existence or nonexistence of the agreement and its terms. "If there was no agreement, there was no breach of duty." *Rodriquez v. State*, Tex.Cr.App., 509 S.W.2d 319, 321. Where there is conflicting evidence on the issue, this Court will defer to findings made by a trial court in resolving those conflicts. See *King v. State*, Tex.Cr.App., 511 S.W.2d 32; *Rodriquez v. State*, supra. A study of the record of the hearing on appellant's motion for new trial, however, indicates without conflict that there was an agreement made by the prosecutor not to make a recommendation as to punishment. Appellant's attorney repeatedly testified to this claim at the hearing on the motion for new trial. The prosecutor in his testimony nowhere explicitly denied this assertion and admitted several times that he had entered into some kind of agreement. The basic thrust of his position was that there is a distinction between "recommendation" and

"argument," and that an agreement not to make a recommendation of punishment does not foreclose him from "arguing" punishment in response to appellant's request for probation.[1] The fact remains that the prosecutor expressed to the trial court his opinion that the offense called for the maximum penalty. The act is the same, whether called argument or recommendation, and there is sufficient evidence in the record to sustain appellant's assertion that it was done contrary to an agreement reached during plea bargaining. Under *Santobello v. New York*, supra, appellant is entitled to relief.

The judgment is reversed and the cause remanded.

DALLY, Judge, dissenting.

The majority says: "The question before the Court in this case, as in *Santobello*, is not what the judge did or what his perceptions of the agreement were, but what went on between the prosecutor and the appellant." However, what went on between the prosecutor and the appellant was a matter to be shown by the record, more particularly by the evidence on the motion for new trial. The trial judge had the duty after that hearing to determine what went on between the prosecutor and the appellant. The trial judge's determination of the issue is reflected by his order overruling the motion for new trial. The trial judge's ruling on that matter should only be disturbed if there is a clear abuse of discretion.

The majority also says: "The Supreme Court reversed *Santobello*, not because of what the trial judge did or did not do, but because the prosecutor had not kept faith with the defendant." The trial judge in this case based on the complete record as evidenced by his overruling of the motion for new trial found that the prosecutor had kept faith with the appellant.

The trial judge, the Honorable Thomas H. Routt, heard the evidence on the motion for new trial and found that there was not a

breach of agreement by the prosecutor and overruled the motion for new trial. The trial judge is the finder of the facts and he may believe or disbelieve any of the testimony he heard on the motion for new trial. Since I find no abuse of discretion on the part of the trial court in overruling the motion for new trial, I dissent to the reversal of this judgment.

---

1. Had counsel for the prosecution limited his argument to opposing appellant's request for probation, we would be faced with an entirely different situation. However, he went beyond merely opposing probation to affirmatively recommending a sentence.