James Davis JIMERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–96–00119–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 4, 1997.

Decided Nov. 5, 1997.

James Davis Jimerson, Henderson, pro se.

R. Kent Phillips, Longview, for appellant.

C. Patrice Savage, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

James Jimerson appeals from the revocation of his community supervision. He contends on appeal that the trial court erred by failing to credit him with time spent in jail and that the evidence does not support revocation.

Jimerson was convicted of delivery of a controlled substance on his plea of guilty on July 13, 1995, and was sentenced to two

years' confinement in a state jail facility, which was probated for five years. The State filed an application to revoke community supervision on October 23, 1995, and Jimerson was arrested on April 12, 1996. A revocation hearing was held on November 8, 1996, and the trial court sentenced him to two years' imprisonment in a state jail facility. The trial court did not give Jimerson credit for the time that he had spent in jail between the time of his arrest and the taking of his guilty plea, nor did the court give him credit for the time spent in jail between his arrest on the revocation warrant and the revocation hearing.

■ We first address the issue of credit for the time spent in jail between his arrest and guilty plea. Jimerson was indigent and was sentenced to the maximum statutory penalty. This situation is squarely within *Ex parte Harris*, 946 S.W.2d 79, 80–81 (Tex. Crim.App.1997). When a defendant receives the maximum sentence authorized, the equal protection clause of the Fourteenth Amendment requires that he receive credit for pretrial jail time. *Greenwood v. State*, 948 S.W.2d 542, 545 (Tex.App.—Fort Worth 1997, no pet.). Accordingly, the trial court's failure to credit Jimerson for the time spent incarcerated between arrest and trial is error, and we will remand to the trial court with directions that he be given credit for that time.

A more difficult issue is presented when we review the application of the state jail felony statutes to the time between his imprisonment on the pre-revocation warrant and the revocation proceeding. As recognized in *Greenwood*, there is a conflict between the general statute stating that credit must be given to an imprisoned defendant[1] and the language used in the specific state jail felony statute. We agree with the Fort Worth court that the more specific language of the state jail felony statute controls in this case over the language governing the con-

---

1. Tex.Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon Supp.1997) provides:

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

duct of trials in general. The state jail felony statute provides in relevant part:

> A judge *may* credit against any time a defendant is subsequently required to serve in a state jail felony facility after revocation of community supervision time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp.1997) (amendment effective January 1, 1996).

The statute clearly provides the trial court with the discretion to decide whether to provide such credit; thus the trial court did not err in its application of the statute. *Ex parte Harris*, 946 S.W.2d at 81. The issue raised in this case, however, was not before either the Court of Criminal Appeals in *Harris* or the Fort Worth Court of Appeals in *Greenwood*. We are evidently the first court to be squarely confronted with the question of whether this statute passes constitutional muster under Article I, § 19 of the Texas Constitution, which states:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

The most recent case analyzing the constitutionality of a statute allowing the trial judge discretion in determining whether to award credit to a defendant detained on a revocation warrant is *Ex parte Price*, 922 S.W.2d 957 (Tex.Crim.App.1996). That case did not involve a state jail felony, but the conceptual underpinning of its reasoning is instructive. In *Price* a parolee was incarcerated pursuant to a pre-revocation warrant—until it was withdrawn. He sought credit for the time served. Confirming the holding of an earlier case, the court held that "any time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee," and granted the habeas relief sought.[2]

The court based its holding upon due course of law violations of Article 1, section 19 of the Texas Constitution as set out in *Ex parte Canada*, 754 S.W.2d 660 (Tex.Crim. App.1988). In *Canada*, the court held that there was a right under Article 1, section 19 to time credit for any time spent in confinement pursuant to the execution of a pre-revocation warrant, and that such credit cannot be denied to a parolee. In reaching this result, the court reviewed then Section 15(a) of Article 42.18, which provided that there was no mandatory statutory right to time credit for confinement pending a parole revocation hearing. The court found the statute constitutionally infirm. In explaining its reasoning, the court compared the situation where a defendant is in jail awaiting a hearing on revocation with that of a defendant who is in jail appealing his conviction. In the latter situation, the imprisonment has consistently been held to be punitive, and thus credit for the incarceration is constitutionally required because a failure to provide such credit would constitute an infringement of his constitutional right to freely exercise his right of appeal.

Applying that reasoning to the revocation proceeding, the court in *Canada* then decided that the availability of discretion to decide whether an individual should receive credit for time spent in jail before a revocation hearing also constituted a punitive policy that "may chill the parolee's decision to exercise his constitutional right to a pre-revocation hearing." *Ex parte Canada*, 754 S.W.2d at 667. Thus, the court concluded that the statute was unconstitutional so far as it granted discretion to grant or deny credit to a parolee for the time spent in confinement before the revocation hearing.

▌ The same right to waiver that underlay the court's decision in *Canada* also expressly applies to state jail felony defendants. The applicable statute is found in TEX.CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.1997). Section 15(f)(1) provides that if a defendant violates a condition of community supervision and after a hearing his community supervision is revoked, then the judge shall dispose of the case as provided under Section 23. After winding our way through the statutory maze, we find that

---

**2.** In so holding, the court acknowledged that no concurrent federal violation occurs, but held that the Texas Constitution provides broader protections in this instance than does the federal.

Section 21(b) expressly permits a defendant to waive his right to a hearing on revocation.[3] Since the hearing may be waived, and the time otherwise spent awaiting the hearing could be instead directly applied to the jail sentence, the reasoning applied by the Court of Criminal Appeals that required a finding of unconstitutionality in Ex parte Canada and *Ex parte Price* is directly applicable to this statute.

We hold that the statute is unconstitutional to the extent set forth in this opinion, and we will direct the trial court to provide Jimerson with credit for the time spent in a penal institution between his arrest on the revocation warrant and the hearing on revocation.

■ Jimerson also contends that the evidence is insufficient to support revocation. The State's burden of proof on a motion to revoke community supervision is lower than the burden of proof necessary for criminal conviction. The State need only prove by a preponderance of the evidence that the terms of community supervision were violated. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim. App.1993); *Cardona v. State,* 665 S.W.2d 492 (Tex.Crim.App.1984).

"Preponderance of the evidence" has been defined as the greater weight and degree of credible testimony. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 95 (1935); *Allen v. State,* 786 S.W.2d 738, 741 (Tex.App.—Fort Worth 1989), *pet. dism'd,* 841 S.W.2d 7 (Tex. Crim.App.1992); *Hill v. State,* 721 S.W.2d 953, 954–55 (Tex.App.—Tyler 1986, no pet.); *Davenport v. Cabell's, Inc.,* 239 S.W.2d 833, 835 (Tex.Civ.App.—Texarkana 1951, no writ). It follows that the State is required to establish guilt by the greater weight and degree of credible testimony. If, when considering the credible testimony, it is just as likely that someone else is guilty, the State has failed to show guilt by the greater weight and degree of credible testimony.

■ When the State's proof of any of the alleged violations of community supervision is sufficient to support a revocation of community supervision, the revocation should be affirmed. *Hendley v. State,* 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

■ Jimerson argues that he was unable to pay his supervisory fees. This affirmative defense must be proven by a preponderance of the evidence. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 19(g); *Stanfield v. State,* 718 S.W.2d 734 (Tex.Crim.App.1986). There is evidence that he failed to pay a number of different supervisory fees. Jimerson testified that he had no money at all, and all of his documents reflect his indigency and his lack of resources. Jimerson also, however, testified that he had worked for three weeks after his release and that he worked sporadically thereafter, and that on some days he made as much as fifty dollars per day. He made no payments or partial payments on the fees at any time, and apparently made no attempt to work out a payment schedule with the community supervision officers. This evidence is sufficient for the trial court to conclude that he had intentionally failed to make any of the required payments.

■ The court also found that he violated terms of community supervision by failing to report and perform community service. Jimerson contends that he proved by a preponderance of the evidence that this failure occurred only because he was in fear of his life from a group of persons with whom he had previously been in conflict, and that he acted in the proscribed manner because he was compelled to do so by threat of death or serious bodily injury to himself or another. TEX. PENAL CODE ANN. § 8.05 (Vernon 1994).

Jimerson testified that he did not return to Longview and report because there were criminals there who had threatened his life, and that those same individuals had assaulted and severely injured his three adult children in an attempt to intimidate him. He also testified that on one occasion when he returned to Longview he was involved in a "shoot-out" where several individuals fired at him. For these reasons, he stated that he was afraid to return to Gregg County.

No contrary evidence was introduced by the State. During cross-examination, however, it became apparent that this excuse had

---

**3.** Although the State argues that this section does not permit a state jail felony defendant to waive the revocation hearing, we find no language in the statute to support that position.

not been previously suggested to the adult supervision officers, and that he had never made any attempt to contact the department to explain his absence or seek alternatives. The trial court stated that he believed that Jimerson's story was not credible and that it was concocted to avoid responsibility for his own inaction. As the trier of fact in this context, the trial court has the duty to sort out the evidence and weigh the credibility of the witness. In this case, the witness was not believed.

■ The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. He is authorized to accept or reject any or all of the testimony of the witnesses for either the State or the accused. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App.1987). We find that the evidence is not so compelling as to permit us to hold that the trial court erred when it determined that Jimerson had failed to prove his affirmative defense by a preponderance of the evidence.

The judgment of revocation is affirmed. The cause is remanded to the trial court, which is ordered to credit Jimerson for the time spent in jail pending his revocation hearing and for time spent in jail before his trial.