NO. 07-03-0307-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 22, 2004


______________________________



IN RE: ARDELLA VEIGEL INTER VIVOS TRUST NO. 2, 


AMARILLO NATIONAL BANK, AMARILLO, TEXAS, 



 Appellants


v.



MABEL WALTER ROGERS, LARRY FRANK WALTER, ROBERT WAYNE VEIGEL, 
DOROTHY ANN VEIGEL OSWALD AND JO ANN VEIGEL EUDY, 


 Appellees

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 84,743-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Abatement


_______________________________


Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before the court is an appeal from an "Agreed Judgment," signed on April
14, 2003, allowing Amarillo National Bank to withdraw as trustee of various trusts. The
dispute, however, involves a document entitled "Order Granting and Denying Summary
Judgment Motions." In that order, the trial court declared that "Petitioner's First Summary
Judgment Motion, as amended and supplemented, is Granted" while "Robert Wayne
Veigel's Motion for Partial Summary Judgment, as amended and supplemented, is Denied." 
It did not include, however, any language in the document expressly adjudicating the rights
involved. Nor was such language included in the April 14th "Agreed Judgment" or the
"Order on Status of Case," also signed on April 14, 2003. (1) 

 In Chandler v. Reder, 635 S.W.2d 895 (Tex. App.-Amarillo 1982, no writ), and Disco
Machine of Liberal Co. v. Payton, 900 S.W.2d 71 (Tex. App.-Amarillo 1995, writ denied),
we had occasion to consider summary judgments with similar decretal provisions as the
order here. In Disco, we noted that such declarations were "nothing more than an
indication of the trial court's decision vis-a-vis the motion[] for summary judgment." Disco
Machine of Liberal Co. v. Payton, 900 S.W.2d at 74. They do "not express a specific
settlement of rights between the parties" or "disclose the specific and final result officially
condoned by and recognized under the law." Id. at 74. Thus, such orders were not final
because they did not adjudicate the rights involved or evince a final result recognized by
the law.

 Here, we have an order granting one motion for summary judgment and denying
another. Yet, without the decretal language discussed in the preceding paragraph, the
order is not a final judgment. Nor is it made final by either the April 14th "Agreed Judgment"
or status order because they too lack the requisite decretal language. Nonetheless, it is
rather clear that the trial court intended for the dispute to be finally adjudicated. Given this
situation, rule of procedure allows us to grant the trial court opportunity to modify the order
from which appeal was taken to make it final. Tex. R. App. P. 27.2 (stating that the
appellate court may allow an appealed order that is not final to be modified so as to be
made final and may allow the modified order and all proceedings relating to it to be included
in a supplemental record).

 Accordingly, we abate the appeal and remand the cause to the trial court. Upon
remand, the trial court is ordered to modify the April 14th "Agreed Judgment" or status order
or the January 10, 2002 "Order Granting and Denying Summary Judgment Motions" so as
to decree an adjudication of the rights involved and a result to be recognized by the law. 
Finally, the trial court is directed to include each modified judgment or order it may execute
in a supplemental record to be filed with the clerk of this court on or before January 14,
2005. 

 Per Curiam
1. The trial court did note in the status order that it believed that the prior order granting and denying
summary judgment motions had become final due to the non-suits of various parties and claims. However,
language adjudicating the rights of those involved went missing. 



66" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00281-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
19, 2010

 



 

BRANDON LEWIS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 154TH DISTRICT COURT OF LAMB
COUNTY;

 

NO. 4270; HONORABLE FELIX KLEIN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Brandon Lewis appeals from
the trial court=s judgment revoking his community
supervision and sentencing him to two years in the State Jail Division of the
Texas Department of Criminal Justice.  Through two
issues, appellant contends the trial court reversibly erred.  We will affirm the courts judgment but
remand for calculation of credit for time served.

 

 

Background

In May 2007,
pursuant to a plea agreement with the State, appellant plead guilty to the
offense of criminal nonsupport.[1]  The court placed him on community supervision
for a period of five years.  Thereafter,
in August 2007, the State filed a motion to revoke appellant=s community
supervision, alleging:  (1) appellant
failed to report as required; (2) failed to pay his court costs, restitution
and probation fees for July 2007; (3) failed to support his dependents as
required for July 2007; and (4) failed to complete an affidavit explaining why
he could not pay the requisite monthly payments.  In May 2008, the court heard the State=s motion.  Appellant plead true to each of the State=s allegations.

The State
presented the testimony of appellant=s community
supervision officer.  She testified that
appellant had made only one payment since he had been on probation.  The State also presented the testimony of
appellant=s son=s mother, who testified
to appellants failure to pay child support. 
She further testified appellant had been held in contempt on previous
occasions but still appellant had not paid as ordered.  The witness opined that continued probation
was not appropriate for appellant.  She
stated she wanted him to go to jail for Athe maximum@ because Ait would teach him
a lesson, because he=s been given probation twice and it hasn=t done any good.@

Appellant
testified on his own behalf, seeking to explain the reasons for his failure to
pay.  On cross-examination, appellant
acknowledged he had not made the required payments and did not take
his probation seriously.  Appellant=s sister also
testified, stating she was willing to take appellant in and work with him to
help him get a job and meet his responsibilities to his son.  

Following this
evidence and closing arguments by each side, the trial court revoked appellant=s community
supervision and sentenced him to two years confinement.  This appeal followed.

Analysis 

Credit for Time
Served

In appellant=s first issue, he
argues the trial court abused its discretion by failing to apply credit to his
sentence for the time he spent in the county jail from his arrest to the
revocation hearing and sentencing.  He
cites Jimerson v. State, 957 S.W.2d 875
(Tex.App.BTexarkana 1997, no
pet.), which found Article 42.12, section 15(h)(2) contrary to the Texas
Constitution to the extent it gave a trial court discretion to grant or deny a
defendant sentenced to a state jail facility credit for time he was confined
pending a hearing on a motion to revoke community supervision.  Id. at 877.  The State
recognizes that, under Ex Parte Bates, 978 S.W.2d 575, 577-78 (Tex.Crim.App. 1998), which adopted the reasoning of Jimerson, appellant should receive credit for time served while
awaiting his revocation hearing.  See
also Dunn v. State, No. 07-98-0126-CR, 1998 WL 442450 (Tex.App.BAmarillo
Aug. 5, 1998, no pet.) (recognizing same).[2]  

There is no
dispute that appellant spent a certain amount of time in jail between his
arrest in early 2008 and the hearing on the States revocation motion.  The appellate record, however, does not
contain the information necessary to modify the judgment to reflect credit for
appellants prehearing jail time. 
Accordingly, we will remand the case to the trial court with
instructions to reform the judgment to reflect credit for such time served. See
Joseph v. State, 3 S.W.3d 627, 643-44 (Tex.App.BHouston
[14th Dist.] 1999, no pet.) (making
similar remand). 

Withdrawal of Plea

In appellant=s second issue, he
contends the trial court erred in not permitting him to withdraw his plea of
true after the parties disagreed as to whether a plea agreement had been
reached.  We find no error.

The record
reflects that at the community supervision revocation hearing, the prosecutor
made the statement that A[b]ased on
[appellant=s] pleas of true, the State would ask that
the allegations be found true.  We don=t have an
agreement for disposition in this case.@  However, during the State=s closing
argument, the prosecutor stated, AI=m going to ask
that [appellant] be revoked.  He be
assessed two years confinement in the Texas Department of Criminal Justice
State Jail Division. . . he deserves more than two years if we can give him,
since, that=s all we can give him, that=s what Im asking
you to give him.@  

Appellant=s counsel then
stated, AI was misled by
the prosecutor=s office. They initially told me that they
did not have a recommendation and weren=t going to give a
recommendation today.  He comes in here
and then he asks for the maximum.  I
think that is a violation of our contract with the probation office.@  

Thereafter, the
prosecutor again informed the court that there was no agreement made for a
sentencing recommendation.  Appellant=s counsel again
disagreed, saying the prosecutor had said he was not going to make a
recommendation.  The court then
intervened and asked appellant if he wished to continue on his plea of true,
advising appellant that, if he felt he had been induced by the State to plead
true, he had the opportunity to return and have another contested hearing.  Appellant indicated he wished to proceed with his plea of true to the State=s allegations.

On appeal,
appellant argues the State assured him it would not make a recommendation
regarding his sentence.  He then contends
that the States violation of its agreement rendered his plea of true to the
allegations involuntary.  The State disagrees,
arguing there was no agreement and no breach of
duty.  Further, the State points out, the
trial court asked appellant if he wanted another contested hearing or wanted to
proceed on his pleas of true.  

Appellant relies
on Bass v. State, 576 S.W.2d 400 (Tex.Crim.App.
1979), in which the court sustained the defendants argument he should be
allowed to withdraw his guilty plea because of the prosecutors violation of a
plea bargain agreement.  Id. at 400, 402.  We agree with the State that Bass is distinguishable.  In Bass, the court found the record
reflected Awithout conflict that there was an
agreement made by the prosecutor not to make a recommendation as to
punishment.  Id. at 401.  The trial court here was confronted with
direct conflict between appellants assertion the prosecutor had agreed not to
make a sentencing recommendation and the prosecutors denial that such an
agreement existed.  More significantly,
the trial court here expressly offered appellant the relief sought in Bass, an opportunity to withdraw his
pleas of true and come back and have a contested hearing.  When the trial court asked whether appellant
wished to continue on your plea of true at this time, and appellants counsel
admonished appellant, Its up to you, appellant chose to maintain his plea of
true.      

Further, even
after sentencing, when asked if there was any reason sentence should not be
pronounced, appellant responded there was not. 
We overrule appellant=s second issue.

We affirm the
trial court=s judgment revoking appellant=s community
supervision and imposing sentence. 
However, we remand the case to the trial court with instructions to
reform the judgment to reflect any credit for time served in accordance with
this opinion.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.   











[1]  See
Tex. Penal Code Ann. ' 25.05 (Vernon 2001).





[2]
The States only argument in response
to appellants first issue asserts the reasoning behind Bates and Jimerson
is flawed.  The State argues a position
similar to that adopted by Judge Kellers dissent in Bates, 978 S.W.2d at 578-79. 
We are not privileged to ignore the applicable holdings of the Court of
Criminal Appeals.