In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00214-CR


______________________________




TED PATRICK CAMMACK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 13,999




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 In 2006, Ted Patrick Cammack entered into a plea bargain agreement wherein he had entered
a guilty plea to evading arrest or detention using a motor vehicle (Tex. Penal Code Ann.
§ 38.04(b)(1) (Vernon 2003)), a state-jail felony, and was sentenced to two years' confinement in a
state-jail facility. However, under this plea agreement, his sentence was probated and he was placed
on community supervision for five years. In 2008, the State filed an application to revoke his
community supervision, citing five circumstances under which he had violated the conditions of his
community supervision; four of those five allegations involved general terms and conditions (such
as reporting requirements and the payment of fees), but the fifth allegation regarded an allegation
that he had possessed methamphetamine with the intent to deliver. Cammack entered a plea of true
to the four more mundane violations, but contested the one regarding the alleged possession of illicit
drugs. After a hearing, the trial court revoked his community supervision and sentenced him to two
years' confinement in a state-jail facility. 

 On appeal, Cammack raises two points: (1) that the evidence did not support the court's
finding of true to the allegations and (2) that the court erred by refusing to give him credit for time
served toward the sentence either before his guilty plea or for time spent in county jail awaiting a
hearing on the motion to revoke.

Claim of Abuse of Discretion in Revocation

 Cammack first contends that the court improperly revoked his community supervision. 
However, it is apparent that he pled true to four of the five allegations raised by the State. A plea
of "true" to even one allegation is sufficient to support a judgment revoking community supervision. 
Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Lewis v. State, 195 S.W.3d
205, 209 (Tex. App.--San Antonio 2006, no pet.). Since the court could base its revocation on any
of the allegations of violations to which Cammack entered a plea of true, it is not necessary for us
to address the contested issue.  Accordingly, the trial court did not abuse its discretion by revoking
his community supervision based upon his plea of true to four of the allegations.

Credit for Time Served

 Cammack next argues that the trial court erred in its refusal to give Cammack credit for time
served in the county jail while awaiting the revocation hearing or for his time spent there for pretrial
confinement. 

 Perhaps predictably, these two time periods require differing (though confusingly similar)
analyses.

First: Time spent incarcerated pretrial

 In a state-jail revocation, an indigent who receives the maximum sentence is constitutionally
entitled to credit for time served in county jail before sentencing. Ex parte Harris, 946 S.W.2d 79
(Tex. Crim. App. 1997). The logic behind this holding is that if a defendant is indigent, he cannot
obtain bail, and if he receives the maximum sentence, he will have been incarcerated for more than
the maximum available punishment. Thus, the failure to provide credit is a violation of the equal
protection clause of the Fourteenth Amendment to the United States Constitution. See U.S. Const.
amend. XIV. 

 In this case, Cammack was sentenced to the maximum sentence. See Tex. Penal Code
Ann. § 12.35 (Vernon Supp. 2008). Although the record contains nothing specifically stating that
he was indigent, we believe it highly possible that he was; the docket contains no bail information
and it appears that he was represented by appointed counsel, at the initial trial, at the revocation
hearing, and now on appeal. The record does not, however, indicate the amount of time that he was
incarcerated while awaiting sentencing. 

Second: Time incarcerated awaiting the revocation hearing

 The problem of the application of two differing (but similar) statutory provisions and their
constitutional base was addressed by this Court over ten years ago, in Jimerson v. State, 957 S.W.2d
875 (Tex. App.--Texarkana 1997, no pet.). The Texas Court of Criminal Appeals agreed with our
formulation. See Ex parte Bates, 978 S.W.2d 575, 578 (Tex. Crim. App. 1998). In Bates, the Texas
Court of Criminal Appeals analyzed Article 42.12, Section 15(h)(2) of the Texas Code of Criminal
Procedure, its prior opinion of Ex parte Canada, (1) and our holding in Jimerson, and agreed that Bates
should have been given credit for the time he spent in jail between the time of his arrest on the
revocation warrant and the trial court's decision to revoke his community supervision. Bates, 978
S.W.2d at 577. (2)

 [W]e agree with the conclusion in Jimerson that the logic applied to parole
revocations in Canada applies equally to revocations of community supervision, and
denying credit for such periods of confinement would violate due course of law under
Art. I, § 19. Applicant is entitled to relief.


Id. at 578 (citations omitted).

 Although we cannot conclusively determine from the record that Cammack was indigent for
the purpose of obtaining a bail bond, it appears quite likely that he would have been determined
indigent at that time. 

 As we recognized in Hoitt, (3) in Harris, the Texas Court of Criminal Appeals commented that
it initially had to remand the case to the trial court for a determination of whether Harris was
indigent. Similarly, we remand this appeal to the trial court for a determination of whether
Cammack was indigent for the purpose of obtaining a bail bond before the date of his plea of guilty
and whether he was indigent for the entire time of his pretrial confinement or for some shorter
period. We also remand this appeal to the trial court for a determination of whether Cammack was
indigent for any period during his incarceration between the time he was taken into custody on the
allegations for revocation and the time he was appointed counsel to represent him at that hearing. 

 The trial court is further directed to grant Cammack credit for the number of days spent in
pretrial confinement while indigent, if any, that, together with the punishment assessed, exceed the
maximum penalty for his offense, and also to provide credit for the length of time that he spent in
confinement awaiting the hearing on his revocation proceeding.

 We affirm the trial court's judgment of conviction. The assessment of credit at punishment
is reversed, and this case is remanded to the trial court for further proceedings consistent with this
opinion.




 Bailey C. Moseley

 Justice


Date Submitted: March 24, 2009

Date Decided: March 25, 2009


Do Not Publish

1. In Ex parte Canada, as explained by the Texas Court of Criminal Appeals in Bates, 978
S.W.2d at 577, "[W]e held that time confined while awaiting a revocation hearing and decision
whether to revoke parole was analogous to time confined pending an appeal, such that denying credit
for such confinement pursuant to § 15 might 'chill the parolee's decision to exercise his constitutional
right to a pre-revocation hearing,'" Ex parte Canada, 754 S.W.2d 660, 667 (Tex. Crim. App. 1988),
and consequently violate the parolee's right of due course of law under Article I, Section 19, of the
Texas Constitution. See Tex. Const. art. I, § 19. Canada has since been followed in Ex parte
Price, 922 S.W.2d 957 (Tex. Crim. App.1996).
2. Canada, 754 S.W.2d 660.
3. Hoitt v. State, 30 S.W.3d 670, 677-78 (Tex. App.--Texarkana 2000, pet. ref'd).