NO. 07-08-00281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 19, 2010

BRANDON LEWIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4270; HONORABLE FELIX KLEIN, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Brandon Lewis appeals from the trial court's judgment revoking his community supervision and sentencing him to two years in the State Jail Division of the Texas Department of Criminal Justice. Through two issues, appellant contends the trial court reversibly erred. We will affirm the court's judgment but remand for calculation of credit for time served.

Background

In May 2007, pursuant to a plea agreement with the State, appellant plead guilty to the offense of criminal nonsupport.[1] The court placed him on community supervision for a period of five years. Thereafter, in August 2007, the State filed a motion to revoke appellant's community supervision, alleging: (1) appellant failed to report as required; (2) failed to pay his court costs, restitution and probation fees for July 2007; (3) failed to support his dependents as required for July 2007; and (4) failed to complete an affidavit explaining why he could not pay the requisite monthly payments. In May 2008, the court heard the State's motion. Appellant plead true to each of the State's allegations.

The State presented the testimony of appellant's community supervision officer. She testified that appellant had made only one payment since he had been on probation. The State also presented the testimony of appellant's son's mother, who testified to appellant's failure to pay child support. She further testified appellant had been held in contempt on previous occasions but still appellant had not paid as ordered. The witness opined that continued probation was not appropriate for appellant. She stated she wanted him to go to jail for "the maximum" because "it would teach him a lesson, because he's been given probation twice and it hasn't done any good."

Appellant testified on his own behalf, seeking to explain the reasons for his failure to pay. On cross-examination, appellant acknowledged he had not made the required payments and did not take his probation seriously. Appellant's sister also testified,

---

[1] *See* Tex. Penal Code Ann. § 25.05 (Vernon 2001).

stating she was willing to take appellant in and work with him to help him get a job and meet his responsibilities to his son.

Following this evidence and closing arguments by each side, the trial court revoked appellant's community supervision and sentenced him to two years confinement. This appeal followed.

Analysis

*Credit for Time Served*

In appellant's first issue, he argues the trial court abused its discretion by failing to apply credit to his sentence for the time he spent in the county jail from his arrest to the revocation hearing and sentencing. He cites *Jimerson v. State,* 957 S.W.2d 875 (Tex.App.–Texarkana 1997, no pet.), which found Article 42.12, section 15(h)(2) contrary to the Texas Constitution to the extent it gave a trial court discretion to grant or deny a defendant sentenced to a state jail facility credit for time he was confined pending a hearing on a motion to revoke community supervision. *Id.* at 877. The State recognizes that, under *Ex Parte Bates,* 978 S.W.2d 575, 577-78 (Tex.Crim.App. 1998), which adopted the reasoning of *Jimerson*, appellant should receive credit for time served while awaiting his revocation hearing. *See also Dunn v. State,* No. 07-98-0126-CR, 1998 WL 442450 (Tex.App.–Amarillo Aug. 5, 1998, no pet.) (recognizing same).[2]

---

[2] The State's only argument in response to appellant's first issue asserts the reasoning behind *Bates* and *Jimerson* is flawed. The State argues a position similar to that adopted by Judge Keller's dissent in *Bates*, 978 S.W.2d at 578-79. We are not privileged to ignore the applicable holdings of the Court of Criminal Appeals.

There is no dispute that appellant spent a certain amount of time in jail between his arrest in early 2008 and the hearing on the State's revocation motion. The appellate record, however, does not contain the information necessary to modify the judgment to reflect credit for appellant's prehearing jail time. Accordingly, we will remand the case to the trial court with instructions to reform the judgment to reflect credit for such time served. *See Joseph v. State,* 3 S.W.3d 627, 643-44 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (making similar remand).

*Withdrawal of Plea*

In appellant's second issue, he contends the trial court erred in not permitting him to withdraw his plea of "true" after the parties disagreed as to whether a plea agreement had been reached. We find no error.

The record reflects that at the community supervision revocation hearing, the prosecutor made the statement that "[b]ased on [appellant's] pleas of true, the State would ask that the allegations be found true. We don't have an agreement for disposition in this case." However, during the State's closing argument, the prosecutor stated, "I'm going to ask that [appellant] be revoked. He be assessed two years confinement in the Texas Department of Criminal Justice State Jail Division. . . he deserves more than two years if we can give him, since, that's all we can give him, that's what I'm asking you to give him."

Appellant's counsel then stated, "I was misled by the prosecutor's office. They initially told me that they did not have a recommendation and weren't going to give a

4

recommendation today. He comes in here and then he asks for the maximum. I think that is a violation of our contract with the probation office."

Thereafter, the prosecutor again informed the court that there was no agreement made for a sentencing recommendation. Appellant's counsel again disagreed, saying the prosecutor had said he was not going to make a recommendation. The court then intervened and asked appellant if he wished to continue on his plea of true, advising appellant that, if he felt he had been induced by the State to plead true, he had the opportunity to return and have another contested hearing. Appellant indicated he wished to proceed with his plea of true to the State's allegations.

On appeal, appellant argues the State assured him it would not make a recommendation regarding his sentence. He then contends that the State's violation of its agreement rendered his plea of true to the allegations involuntary. The State disagrees, arguing there was no agreement and no breach of duty. Further, the State points out, the trial court asked appellant if he wanted another contested hearing or wanted to proceed on his pleas of true.

Appellant relies on *Bass v. State,* 576 S.W.2d 400 (Tex.Crim.App. 1979), in which the court sustained the defendant's argument he should be allowed to withdraw his guilty plea because of the prosecutor's violation of a plea bargain agreement. *Id.* at 400, 402. We agree with the State that *Bass* is distinguishable. In *Bass,* the court found the record reflected "without conflict that there was an agreement made by the prosecutor not to make a recommendation as to punishment." *Id.* at 401. The trial court here was confronted with direct conflict between appellant's assertion the prosecutor

had agreed not to make a sentencing recommendation and the prosecutor's denial that such an agreement existed. More significantly, the trial court here expressly offered appellant the relief sought in *Bass*, an opportunity to withdraw his pleas of true and "come back and have a contested hearing." When the trial court asked whether appellant wished to "continue on your plea of true at this time," and appellant's counsel admonished appellant, "It's up to you," appellant chose to maintain his plea of true.

Further, even after sentencing, when asked if there was any reason sentence should not be pronounced, appellant responded there was not. We overrule appellant's second issue.

We affirm the trial court's judgment revoking appellant's community supervision and imposing sentence. However, we remand the case to the trial court with instructions to reform the judgment to reflect any credit for time served in accordance with this opinion.

James T. Campbell
Justice

Do not publish.