

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,508, AP-76,509 & AP-76,510

**EX PARTE DENNIS RAY PEELER, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W97-51675-P(A), W97-51674-P(A) & W97-47097-P(A) IN THE 203RD JUDICIAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to three charges of aggravated robbery, and was sentenced to sixty years' imprisonment. He did not appeal his convictions.

Applicant contends that his pleas were involuntary because they were entered pursuant to assurances from the prosecutor that he would argue for no more than thirty-year sentences. Defense counsel communicated these assurances to Applicant, and advised him that the trial court would give

weight to the prosecutor's recommendation. However, after Applicant had entered his pleas of guilty, the prosecutor argued for life sentences. Applicant was not permitted to withdraw his pleas.

Trial counsel filed an affidavit with the trial court. Based on that affidavit, the trial court determined that although Applicant knew that the trial court could sentence him anywhere within the sentencing range, his plea was induced by the assurance that the prosecutor would argue for no more than thirty year sentences, and that such argument would carry weight with the trial court. Applicant is entitled to relief. *Bass v. State*, 576 S.W. 2d 400, 400-401 (Tex. Crim. App. 1979), *citing Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed.2d 427 (1971).

Relief is granted. The judgment in Cause Nos. W97-51675-P(A), W97-51674-P(A) and W97-47097-P(A) in the 203rd Judicial District Court of Dallas County are set aside, and Applicant is remanded to the custody of the sheriff of Dallas County to answer the charges as set out in the indictments.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 2, 2011
Do Not Publish