IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-39,208-04 & WR-39,208-05




EX PARTE LAWRENCE L. JOHNSON, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR92-160 & CR92-161 
                        IN THE 235TH DISTRICT COURT FROM COOKE COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance in two separate cause numbers and sentenced to fifteen years’ imprisonment
for both causes.
            Applicant contends that he is being denied credit for time spent under a parole revocation
warrant in California while on parole prior to revocation. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Price, 922 S.W.2d 957, 958-959 (Tex. Crim. App. 1996). In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit listing Applicant’s sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole.
The affidavit should state whether a detainer or hold was placed on Applicant’s records while he was
in custody in California and if so, what dates that detainer or hold was active and whether or not he
is receiving credit for that time. Finally, the affidavit should indicate whether or not Applicant has
submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim
was submitted.
            The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is receiving
the proper amount of time credit for time spent in custody in California while on Texas parole
release. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: June 25, 2014
Do not publish